# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>        Plaintiff,<br><br>  v.<br><br>J. DEPOND,<br><br>        Defendant. | 1:13-cv-00527-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>FIFTEEN-DAY DEADLINE |

**I.  Screening Requirement and Standard**

Plaintiff DeWayne Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 12, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento.  The events alleged in Plaintiff's complaint occurred while he was housed at Corcoran State Prison.  Plaintiff names Correctional Officer J. DePond in his individual capacity.

Plaintiff alleges as follows:  On November 7, 2011, inmates were serving dinner to other inmates' cells while Defendant DePond was outside monitoring.  When Plaintiff received his dinner tray, Defendant DePond noticed that Plaintiff had an extra hot link, so he asked for the tray back.  After removing the hot links, Plaintiff provided Defendant DePond with the tray. Defendant DePond ordered Plaintiff to put the links on the tray and Plaintiff questioned Defendant DePond.  Defendant DePond then took the tray and slammed and locked the porthole to Plaintiff's cell.  Observing Defendant DePond through a crack, Plaintiff saw Defendant DePond walk away and set the tray on the ground in a channel of drainage subjected to waste.

Convinced that Defendant DePond was not going to provide him with a full meal, Plaintiff began hollering for full issue.  Defendant DePond ignored Plaintiff and finished

monitoring dinner for other inmates.  Thereafter, Defendant DePond responded to Plaintiff's hollering and retrieved the dinner tray from the ground.  Defendant DePond came to Plaintiff's cell.  When Plaintiff demanded a sanitized tray, Defendant DePond told Plaintiff that he was only going to get the original tray.  Defendant DePond set the tray down on the ground and opened the porthole.  Being hungry, Plaintiff accepted the tray and devoured the food.  Sometime after that, Plaintiff began feeling nauseous with a migraine.  Assuming that Defendant DePond did something to the food or that the food was contaminated by being in an exposed drainage channel, Plaintiff immediately submitted a medical request for treatment.  Plaintiff was treated by a Licensed Psych Tech and scheduled to see the physician the following day.  The physician examined Plaintiff, diagnosed him with possible food poisoning and prescribed medication.  According to exhibits submitted with the complaint, and despite a contrary declaration, Plaintiff reported to the physician that he had "no nausea, vomiting, or diarrhea . . . [and] no abdominal pain."  (ECF No. 1, p. 24.)

Plaintiff asserts a claim for violation of the Eighth Amendment.  He seeks declaratory relief, along with compensatory and punitive damages.

**III.     Discussion**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Plaintiff alleges that Defendant DePond served him contaminated food and that he subsequently contracted food poisoning.  However, allegations of a temporary lapse in sanitary food service and an isolated instance of food poisoning, where Plaintiff did not suffer significant injury, are not sufficient to state a cognizable Eighth Amendment claim.  The Ninth Circuit has concluded that prisoners need only receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Isolated instances of food poisoning or temporary lapses in sanitary food service are not sufficiently serious to constitute an Eighth Amendment violation.  See, e.g., Islam v. Jackson, 782 F.Supp. 1111, 1114–15 (E.D. Va.1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment); Singh v. Franke, 2013 WL 6827917, *2 (D. Or. Dec. 20, 2013) ("isolated incident of food poisoning, particularly where the plaintiff did not suffer serious injury, is not sufficient to constitute an Eighth Amendment violation"); Morris v. Jennings, 2013 WL 5970444, *2 (E.D. Cal. Nov. 8, 2013) (prisoner's allegations of unidentified foreign object, hair or sweat in food, along with stomach problems, failed to state a cognizable Eighth Amendment claim); Bennett v. Misner, 2004 WL 2091473, *20 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.").

## IV.    Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court does not find that leave to amend is warranted.  The Court is mindful that leave to amend should be granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citation omitted).  In this instance, however, Plaintiff's factual allegations are comprehensive and the underlying incident itself does not rise to the level of a constitutional violation.  For Plaintiff to cure the deficiencies identified and state a cognizable claim, Plaintiff would have to allege facts that directly contradict those currently set forth in his complaint.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 24, 2014**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE